IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02822-BNB

JAMES M. BERTOLO,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
TONY CAROCHI, Director of Prisons,
PAMELA J. PLOUGHE, Warden CTCF, and
MR. BENEZEE, Lieutenant CTCF,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, James Bertolo, is in the custody of the Colorado Department of Corrections (DOC). He is incarcerated currently at the Colorado Territorial Correctional Facility ("CTCF") in Cañón City, Colorado. Mr. Bertolo filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He filed an amended complaint on December 2, 2011. Mr. Bertolo has paid the filing fee in this action.

    The Court will construe the amended complaint liberally because Mr. Bertolo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. Plaintiff therefore will be directed to file a second amended complaint for the reasons

discussed below.

Mr. Bertolo alleges in his amended complaint that he suffers from Huntington's disease. He further alleges that after he was transferred to CTCF on August 8, 2011, he did not receive his medications for several days and suffered cognitive defects as a result. On August 11, 2011, Mr. Bertolo was involved in a verbal altercation with Defendant CTCF Lieutenant Benezee, during which "something went wrong." Compl., at 4. Mr. Bertolo received a disciplinary infraction for "false reporting." He further asserts that Defendant Benezee went to his cell and confiscated all of his personal property, including magazines and photo albums. Plaintiff alleges that the personal property in his cell at CTCF had been approved at Fort Lyons Correctional Facility and should have been allowed at CTCF pursuant to the "Montez v. Owens Remedial Plan."[1] *Id.* at 5. He asserts claims under § 1983 for deprivation of his Eighth Amendment right to adequate medical care and his First Amendment rights. Mr. Bertolo requests injunctive and monetary relief.

Mr. Bertolo's claims against the DOC are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir. 1988). Congress did not abrogate

---

[1] *Montez v. Romer*, Case No. 92-N-870(OES) [*Montez* I], a class action lawsuit filed pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 794, on behalf of Colorado inmates suffering from particular disabilities. The case settled in 2003 and the district court imposed a Remedial Plan under which class members could present claims of discrimination to a Special Master for processing. *See Montez v. Owens*, Case No. 92-N-870(OES), 2007 WL 4226365, at **1-2 (D. Colo. 2007) [*Montez* II].

Eleventh Amendment immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Mr. Bertolo's second amended complaint should not include a claim against the DOC.

Furthermore, Mr. Bertolo fails to allege facts in his amended complaint to show the personal participation of Defendants Carochi, the DOC Director of Prisons, and CTCF Warden Ploughe, in a violation of his constitutional rights.  Mr. Bertolo is advised that personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Mr. Bertolo therefore must show that each named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over

individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Accordingly, it is

ORDERED that Plaintiff, James Bertolo, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss Plaintiffs' claims against Defendants Colorado Department of Corrections, Tony Carochi and Pamela Ploughe, for the reasons discussed in this Order.

DATED January 24, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge