IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02822-WJM-BNB

JAMES M. BERTOLO,

Plaintiff,

v.

LT. TOM BENEZEE, Lieutenant CTCF, et al.,

Defendants.

---

## ORDER

---

This matter arises on the following motions (the "Motions") filed by the plaintiff:

1. **Motion to Appointment** [sic] **of Counsel** [Doc #25, filed 03/13/2012];

2. **Motion to Copy and Return Documents . . . .** [Doc. #30, filed 03/16/2012]; and

3. **Motion to Appoint Counsel** [Doc. #35, filed 03/20/2012].

The Motions are DENIED.

The plaintiff seeks appointment of counsel to represent him in this matter [Docs. #25 and #35].  The court has broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case.  DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).  In deciding whether to obtain volunteer counsel, the following factors are considered: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Second Amended Complaint [Doc. #17] (the "Complaint") adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. The plaintiff's requests for appointment of counsel are denied.

The plaintiff states that Mr. Matthew Martin, an attorney in Pueblo, "has expressed concern and is willing and or would be interested if court would appoint him to the case." *Motion to Appoint Counsel* [Doc. #35], ¶ 2. Counsel cannot be appointed and paid in a civil case. However, Mr. Martin and the plaintiff are free to enter into their own agreement regarding representation.

The plaintiff further requests copies of documents and an extension of time [Doc. #30] so that he may "properly respond to" the court's dismissal of certain claims and defendants [Doc. #20]. The plaintiff filed a motion to reconsider the court's order [Doc. #34] on March 19, 2012. Accordingly, the plaintiff's request is moot.

IT IS ORDERED that the Motions are DENIED.

Dated March 21, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge