IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02822-WJM-BNB

JAMES M. BERTOLO,

Plaintiff,

v.

LT. TOM BENEZEE, Lieutenant CTCF, et al.,

Defendants.
_____

**ORDER**
_____

This matter arises on the following materials filed by the plaintiff:

1. **Motion to Enter Some Evidence and Intent** [Doc #39, filed 03/30/2012];

2. **Motion to Make and Send Copies of Documents** [Doc. #40, filed 03/30/2012];

3. **Motion to Clarify Order** [Doc. #41, filed 03/30/2012];

4. **Amended Prisoner Complaint III** [Doc. #47, filed 04/04/2012]; and

5. **Motion to Clarify Actions on the Merits Regarding Complaint to 28 U.S.C. § 1983** [Doc. #48, filed 04/10/2012].

The motions are denied, and the proposed third amended complaint is stricken.

1. **Motion to Enter Some Evidence and Intent** [Doc. # 39]: The plaintiff seeks to "enter some evidence and statements of intent." The evidence and statements are not submitted in support of any pending motion, and it is therefore DENIED.

**2. Motion to Make and Send Copies of Documents** [Doc. # 40]:  The plaintiff requests that the court send him copies of certain documents he filed in this case because "he was unable to make copies as Law library was closed in some cases or under renovation."[1]  The court does not provide a free copy service.  The plaintiff may, however, request copies directly from the Clerk's Office.  All copies are 50 cents a sheet.  A notice of the cost of the copies will be issued after the cost can be determined, and copies will be made and provided upon receipt of full payment.  The Motion to Make and Send Copies of Documents is DENIED.

**3. Motion to Clarify Order** [Doc. # 41]:  The plaintiff requests clarification of my order issued March 21, 2012 [Doc. #37], in which I denied Docs. #25, #30, and #35.[2]  The order does not require clarification, and the Motion to Clarify Order is DENIED.

**4. Amended Prisoner Complaint III** [Doc. # 47]:  The Amended Prisoner Complaint III actually is a supplement to the Second Amended Complaint.  Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Id. at 15(a)(2).

---

[1] The plaintiff states that he "decided to send originals" because he was "trying to avoid missing deadlines."  He further states that he needs the requested copies "in order to properly prepare for [the] next stage of [the] case."  The plaintiff does not identify the deadlines he was "trying to avoid" when he sent the originals, nor does he identify the "next stage" for which he is preparing.  Moreover, he does not explain how the requested documents will help him prepare for the "next stage."

[2] Doc. #30 was denied as moot.

The plaintiff may not amend by simply filing piecemeal amendments and supplements. Rather, he must file an entire proposed amended complaint. The plaintiff may not incorporate by reference any of his previous complaints. An amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. <u>Mink v. Suthers</u>, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Neither the Second Amended Complaint nor the proposed third amended complaint are submitted on the court's standard complaint form. The local rules of this court require that "[a] *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. Additionally, all typewritten papers be double-spaced. D.C.COLO.LCivR 10.1E. Any future proposed complaints must be double-spaced and submitted on the court's form.

In addition, the plaintiff's proposed third amended complaint attempts to assert futile claims. For example, he asserts a claim under the Montez Remedial Plan. This claim was dismissed on April 8, 2012 [Doc. #20]. The plaintiff attempts to reinstate it simply because he disagrees with the court's reasons for dismissing it. The court has made its ruling on this claim, and the plaintiff's attempt to reinstate it through an amended complaint is inappropriate. He also tries to reinstate a claim against the Warden, Pamela Ploughe. Warden Ploughe was previously dismissed because the plaintiff failed to allege that she personally participated in any of the alleged constitutional violations. The plaintiff's proposed claim against her does not cure this defect. The plaintiff also attempts to assert a claim entitled "Law library issues." The claim is not asserted against any named defendant.

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The proposed third amended complaint does not clearly state the plaintiff's causes of action, nor does it clearly identify which defendants each claim is brought against. For guidance in the event the plaintiff seeks leave to amend, any proposed amendment must comply with the requirements of Rule 8 and with this order. The defendants' names must be clearly stated in the caption of the proposed amended complaint . The defendants' names and addresses must be clearly stated in the section entitled "Parties." The background statement must clearly and briefly summarize the plaintiff's case and may not exceed two typewritten pages, double-spaced.

Each claim must be stated separately. Each claim must identify the defendant(s) it is brought against and briefly allege facts sufficient to state a claim for relief against the defendant(s). Each claim must not exceed two typewritten pages, double-spaced.

**5. Motion to Clarify Actions on the Merits Regarding Complaint to 28 U.S.C. § 1983** [Doc. # 48]: The plaintiff submits this "motion" to "clarify more details for the court." He states that "these clarifications will help the court to understand plaintiff in a more reasonable manner." The motion is unnecessary and inappropriate. The plaintiff may submit arguments and evidence only in compliance with the Federal Rules of Civil Procedure. For example, submission of arguments is appropriate in a response to a Rule 12(b)(6) motion to dismiss or in response to a Rule 56 motion for summary judgment by the defendants. The plaintiff may not, however, randomly submit arguments and evidence.

**6. Abusive Filing**: Although the defendants have not yet answered or otherwise responded to the Second Amended Complaint, the docket sheet includes 49 entries. Many of the entries are inappropriate filings by the plaintiff. As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

The plaintiff's filings have placed an unnecessary burden on the court. Consequently, the plaintiff shall cease making inappropriate filings.

IT IS ORDERED:

1. The Motion to Enter Some Evidence and Intent [Doc #39] is DENIED;

    2.   The Motion to Make and Send Copies of Documents [Doc. #40] is DENIED;

    3.   The Motion to Clarify Order [Doc. #41] is DENIED;

    4.   The Amended Prisoner Complaint III [Doc. #47] is STRICKEN;

    5.   The Motion to Clarify Actions on the Merits Regarding Complaint to 28 U.S.C. § 1983 [Doc. #48] is DENIED;

    6.   Any further attempts to amend the Complaint must comply with Rule 8 and with this order;

    7.   The plaintiff shall cease filing inappropriate papers; and

    8.   Failure to comply with this order may result in sanctions, including dismissal of this action with prejudice.

Dated April 16, 2012.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge