IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02822-WJM-BNB

JAMES M. BERTOLO,

Plaintiff,

v.

LT. TOM BENEZEE, Lieutenant CTCF,
R. VIOLA, CTCF Mail Room,
M. GARCIA, CTCF Mail Room,
DIANE MILLCO, CTCF Mail Room,
MAJOR MIKLICH, [CTCF Reading Committee],
LT. WORTHEN, [CTCF Reading Committee],
JOY HART, [CTCF Reading Committee],
KEITH NORDELL,
MARSHALL GRIFFITH,
STEVE HAGAR,
SUSAN JONES,
MIRA LONGGLOSS,
BURL McCULLAR, and
KIRK MACHIN, all CDOC Springs Employees and Members of Central Reading Committee,

Defendants.

_____

**AMENDED ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendants' **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and for Summary Judgment** [Doc. #51, filed 05/14/2012] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

---

[1] The Motion is brought on behalf of defendants Benezee, Viola, Garcia, Miklich, Worthen, Hart, Nordell, Griffith, Hagar, Jones, Longgloss, McCullar, and Machin. Defendant Diane Miller, who was incorrectly named as Diane Millco, joined in the Motion on June 12, 2012 [Doc. #55]. I refer to the defendant as Diane Miller in my analysis of this matter.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has

> wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have

enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections at the Colorado Territorial Correctional Facility ("CTCF"). He filed his initial Complaint on October 28, 2011 [Doc. #1]. Pursuant to court orders, the plaintiff filed his First Amended Complaint on December 2, 2011 [Doc. #6]; his Second Amended Complaint on January 4, 2012 [Doc. #12]; and his Third Amended Complaint on February 27, 2012 [Doc. #17]. The Third Amended Complaint (the "Complaint") asserts eight claims against 17 defendants. Several claims and defendants were dismissed on March 8, 2012 [Doc. #20].

The Complaint is not a model of clarity. The court has summarized [Doc. #20] the plaintiff's remaining claims as follows:

1. An Eighth Amendment claim against John/Jane Doe "Department of Corrections contract workers, employees" for deprivation of adequate medical care;

2. A Fourteenth Amendment due process claim against Defendant Benezee for confiscation of personal property from the plaintiff's prison cell;

  3. A First Amendment claim against defendant Benezee for restriction of the plaintiff's telephone privileges with his wife, and a Sixth Amendment claim against Benezee for restriction of the plaintiff's right to communicate with legal counsel; and

  4. A claim for violation of First Amendment free speech and Fourteenth Amendment procedural due process rights against defendant CTCF mail room staff members Garcia, Miklich, Worthen and Hart, and against CTCF Reading Committee members Nordell, Griffith, Hagar, Jones, Longgloss, McCullar, Machin based on rejection of mail and publications.[2]

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Official Capacity Claims

The plaintiff is suing the defendants in their individual and official capacities. *Complaint*, p. 5. The defendants assert that they are immune to the claims against them in their official capacities for monetary damages. *Motion*, p. 6. This is a facial challenge to the

---

[2] At the beginning of each of his claims, the plaintiff states that "[f]acts have already been supplied to court previously and are amended as follows." *Complaint*, pp. 7-14. The plaintiff may not incorporate in this manner the facts alleged in h is previous three complaints. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) ("an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations omitted).

Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03,105-06 (1984).

The defendants are employed by the DOC. *Complaint*, pp. 1, 3-4. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh Amendment bars suit against the defendants in their official capacities for retroactive monetary relief. The Motion should be GRANTED to the extent it seeks dismissal of the claims against the defendants in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.

### B.  Failure to Exhaust Administrative Remedies

The defendants assert that the following claims are barred because the plaintiff failed to exhaust his administrative remedies: the Eighth Amendment claim for inadequate medical care; the First Amendment claim against defendant Benezee for limiting telephone privileges; and the Sixth Amendment claim against defendant Benezee for violating the plaintiff's right to communicate with legal counsel. *Motion*, p. 7.

Because the plaintiff's claims challenge prison conditions, they are governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

The DOC provides inmates with a 3-step grievance process. *Motion*, Ex. A-1, ¶¶ 4-8. An inmate must first attempt to resolve any issue or complaint by filing a Step 1 grievance within 30 days of the discovery of the issue or complaint. Id. at ¶ 5. An appropriate staff member responds to the Step 1 grievance in writing. Id. If the inmate is not satisfied with the response, he may file a Step 2 grievance to the administrative head (or designee) within 5 days of receipt of the written response to the Step 1 grievance. Id. at ¶ 6 and first attachment, § IVG1b. If the inmate is dissatisfied with the response to a Step 2 grievance, he can file a Step 3 grievance to the DOC's Step 3 Grievance Officer within 5 days of receipt of the written response to the Step 2 grievance. Id. at ¶ 7 and first attachment, § IVG1c. The Step 3 grievance is the final step in the DOC grievance process. Id. at ¶ 7.

The plaintiff has not filed grievances regarding inadequate medical care, denial of telephone communications with his wife, or denial of telephone communications with his counsel. Id. at ¶¶ 10-18. Therefore, these claims are barred for failure to exhaust administrative remedies.

The plaintiff argues that he is not permitted to grieve issues relating to the Sex Offender Treatment and Monitoring Program ("SOTMP") or reading committee decisions. *Motion in Response to Defendant's Request for Dismissal/Judgment* [Doc. #56] (the "Response"). The Complaint does not allege, and the plaintiff does not provide any evidence to show, that these claims are related to SOTMP or reading committee decisions.[3] *Complaint*, pp. 7, 10.

Moreover, the plaintiff does not provide any evidence to support his argument. To the contrary, the defendants' evidence shows that the DOC regulations prohibit use of the grievance procedure to seek review of decisions of "COPD convictions, administrative segregation placement, decisions of the Reading Committee, classification, sex offender designation, SOTMP termination reviews, Parole Board decisions, [and] sentence computation." *Motion*, first attachment to Ex. A-1, § IVA5.[4] The regulations do not prevent use of the grievance procedure to challenge medical care and denial of telephone privileges. Id.

A dismissal based on failure to exhaust should be without prejudice where the time for pursuing administrative remedies has not expired and the inmate can cure the defect by simply

---

[3]The plaintiff has had numerous opportunities to amend his complaint to clearly state his claims.

[4]COPD convictions, administrative segregation placement, decisions of the Reading Committee, and Parole Board decisions have exclusive appeal procedures. Classification of an inmate is discretionary. Sex offender designation and sentence computation arise from judicial proceedings and require judicial review. Id.

8

exhausting the available remedies.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003).  It is not clear from the record whether the plaintiff can still exhaust his remedies as to these claims.  Therefore, I recommend dismissal of the claims without prejudice.

The Motion should be granted insofar as it seeks dismissal without prejudice of the plaintiff's Eighth Amendment claim for inadequate medical care; First Amendment claim against defendant Benezee for limiting telephone privileges; and Sixth Amendment claim against defendant Benezee for violating the plaintiff's right to communicate with legal counsel.

### C.  Confiscation of Personal Property

The defendants assert that the plaintiff's Fourteenth Amendment due process claim against Defendant Benezee for confiscation of personal property fails to state a claim upon which relief can be granted.  *Motion*, pp. 8-10.  The due process clause is not implicated in negligent or intentional takings of an inmate's property where an adequate state post-deprivation remedy is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Colorado has provided such a remedy in section 24-10-106(1)(b).  Durre v. Dempsey, 869 F.2d 543, 546 (10th Cir. 1989).

The Motion should be granted insofar as it seeks dismissal for failure to state a claim of the plaintiff's Fourteenth Amendment due process claim against Defendant Benezee for confiscation of personal property.

### D.  Rejection of Mail and Publications

The defendants assert that the plaintiff's claims for violation of his First Amendment free speech and Fourteenth Amendment procedural due process rights are "impermissibly vague and fail to allege the requisite personal participation." *Motion*, p. 10.

The claim alleges:[5]

> due to other details throughout this document plaintiff's mail to several magazines have now been denied, as a further restriction to retaliate against plaintiff, all magazines were NOT Nude and were all approved privleged items at former facility and plaintiff believes a right enforceable under the montez property rights stipulation.
>
> Central Reading Committee Members of both the Central and the Local CTCF Reading committe along with Mailroom Employees, have denied access to publications, and magazine subscriptions, photos, pictures and correspondances to or from plaintiff in complete violaton of constitutional rights, thier group and individual evaluations and opinions are to be inexcuseable to the pain created upon plaintiff, ALL have reviewed above items in question and more without proper releases from plaintiff, and therefore subjected plaintiff to unessasary restrictions.

*Complaint*, p. 14.[6]

Under his description of the parties, the plaintiff lists as CTCF mailroom employees defendants Viola, Garcia, and Miller. Id. at p. 4. He lists defendants Miklich, Worthen, and Hart as CTCF Reading Committee members. Id. Defendants Nordell, Griffith, Hagar, Jones, Longgloss, McCullar, and Machin are listed as Central Reading Committee members. Id.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247

---

[5] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

[6] The plaintiff also makes brief conclusory allegations about his mail under Claims Six and Seven. Id. at pp. 12-13.

(10th Cir. 2008) (internal quotations and citation omitted). This is especially true in cases, like this one, where the defense of qualified immunity has been asserted. Id. at 1248-49.

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies. Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

The plaintiff's allegations regarding his mail and publications claims are conclusory and fail to show what each of the named defendants did to violate the plaintiff's constitutional

rights.[7] Accordingly, the Motion should be granted insofar as it seeks dismissal of the plaintiff's First Amendment free speech and Fourteenth Amendment procedural due process claims regarding rejection of mail and publications.

## IV. CONCLUSION

IT IS ORDERED that the Clerk of the Court shall correct the docket sheet to show that defendant Diane Millco's last name is Miller.

FURTHER, I respectfully RECOMMEND that the defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and for Summary Judgment [Doc. #51] be GRANTED as follows:

1. The claims against the defendants in their official capacities for retroactive monetary relief be DISMISSED WITH PREJUDICE based on Eleventh Amendment immunity;

2. The plaintiff's Eighth Amendment claim for inadequate medical care; First Amendment claim against defendant Benezee for limiting telephone privileges; and Sixth Amendment claim against defendant Benezee for violating the plaintiff's right to communicate with legal counsel be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies;

3. The plaintiff's Fourteenth Amendment due process claim against Defendant Benezee for confiscation of personal property be DISMISSED WITH PREJUDICE;

---

[7] The plaintiff attaches numerous exhibits to his Response. However, the Response does not contain any argument or evidence to clarify the plaintiff's claims against each of the defendants.

4. The plaintiff's First Amendment free speech and Fourteenth Amendment procedural due process claims regarding rejection of mail and publications be DISMISSED WITH PREJUDICE; and

5. The Complaint be dismissed in its entirety.[8]

Dated November 14, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[8] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).