**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-2822-WJM

JAMES M. BERTOLO,

    Plaintiff,

v.

TOM BENEZEE, Lieutenant CTCF,
R. VIOLA, CTCF Mailroom,
M. GARCIA, CTCF Mailroom,
DIANE MILLER, CTCF Mailroom,
MIKLICH, Major, CTCF Reading Committee,
WORTHEN, Lieutenant, CTCF Reading Committee,
JOY HART, CTCF Reading Committee,
KEITH NORDELL,
MARSHALL GRIFFITH,
STEVE HAGER,
SUSAN JONES,
MIRA LONGGLOSS,
BURL MCCULLAR, and
KIRK MACHIN, all CDOC Springs Employees and Members of Central Reading
Committee,

    Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE AND GRANTING DEFENDANTS' MOTION TO DISMISS**

---

    Plaintiff James M. Bertolo ("Plaintiff") brings claims pursuant to 42 U.S.C. § 1983

alleging constitutional violations under the First, Sixth, Eighth, and Fourteenth

Amendments against Defendants Lt. Tom Benezee, R. Viola, M. Garcia, Diane Miller,

Major Miklich, Lt. Worthen, Joy Hart, Keith Nordell, Marshall Griffith, Steve Hagar,

Susan Jones, Mira Longgloss, Burl McCullar, and Kirk Machin (collectively

"Defendants"). (ECF No. 17.) This matter is before the Court on the Recommendation by U.S. Magistrate Judge Boyd N. Boland (ECF No. 59) that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and for Summary Judgment ("Motion") (ECF No. 51) be granted and that Plaintiff's claims be dismissed. Plaintiff filed a timely objection to the Recommendation. (ECF No. 61.) Before the Court are also Plaintiff's Motion for Extension of Time to Amend Complaint (ECF No. 61), and Motion for Order for the Clerk to Return Evidence to Plaintiff at Plaintiff's Expense if Case is to be Dismissed (ECF No. 62). For the reasons set forth below, the Recommendation is adopted and Plaintiff's claims are dismissed, Plaintiff's Motion for Extension of Time to Amend Complaint is denied, and Plaintiff's Motion for Order for the Clerk to Return Evidence is granted.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further

evidence; or return the matter to the magistrate judge with instructions." *Id.*

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

The relevant facts, taken in the light most favorable to the Plaintiff, are as follows. Plaintiff is a *pro se* prisoner, currently incarcerated at the Colorado Territorial Correctional Facility ("CTCF") in Canon City, Colorado. (Compl. (ECF No. 1) ¶ 3.) Plaintiff was transferred to CTCF from Fort Lyon Correctional Facility on August 8, 2011. (Compl. ¶ 8.) After arriving at CTCF, for several days Plaintiff did not receive medications to treat his Huntington's Disease, resulting in mental disorientation. (*Id.* ¶¶ 8-9.) On August 11, 2011, Defendant Benezee came to Plaintiff's cell, and after a conversation which Plaintiff does not recall due to his unmedicated confusion, Plaintiff received a disciplinary infraction. (*Id.* ¶ 12.) Defendant Benezee also confiscated a photo album, loose photos, and magazines from Plaintiff's cell, and suspended Plaintiff's telephone privileges, preventing him from speaking to either his wife or his attorney. (*Id.* ¶¶ 10-11.)

Soon after arriving at CTCF, Plaintiff, a sex offender, was also required to sign a new agreement specifying the restrictions on his reading material, AR Form 300-26E,

More Stringent Reading Material Restriction for Above-Named Sex Offender, despite his compliance with the previous reading material restrictions he had agreed to at Fort Lyon. (*Id.* at ¶ 18; ECF No. 56 Ex. D1.) Due to the new AR Form 300-26E restrictions, Plaintiff has been denied mail and magazines that had been permitted under his previous AR Form 300-26E agreement. (Compl. ¶¶ 21-24.)

On October 28, 2011, Plaintiff filed a *pro se* complaint against Defendants in their individual and official capacities, alleging a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. (Compl. at 4-5.) Plaintiff was ordered to amend his complaint using the proper court-approved complaint form and to include addresses for all Defendants. (ECF No. 3.) Plaintiff then filed an Amended Complaint on December 2, 2011, after which he was ordered to amend his complaint a second time because of, among other deficiencies, his continued failure to use the court-approved prisoner complaint form. (ECF Nos. 6, 11.) Plaintiff's Second Amended Complaint was filed on January 4, 2012. (ECF No. 12.) On January 24, 2012, Plaintiff was ordered to amend his complaint once again, due in part to his failure to allege the personal participation of all named defendants. (ECF No. 16.) Finally, Plaintiff filed a Third Amended Complaint ("TAC") on February 27, 2012, currently the operative complaint.[1] (ECF No. 17.) Due to pleading deficiencies, several claims and defendants were dismissed on March 8, 2012. (ECF No. 20.)

The remaining claims in Plaintiff's TAC allege constitutional violations as follows: (1) an Eighth Amendment claim asserted against John/Jane Doe for deprivation of

---

[1] A Fourth Amended Complaint, filed on April 4, 2012, was stricken on April 16, 2012. (ECF Nos. 47, 50.)

adequate medical care; (2) a Fourteenth Amendment due process claim asserted against Defendant Benezee for confiscating Plaintiff's personal property; (3) First and Sixth Amendment claims against Defendant Benezee for restricting Plaintiff's telephone contact with his wife and his attorney, respectively; and (4) a First and Fourteenth Amendment procedural due process claim against CTCF Mail Room and Reading Committee staff for restriction of Plaintiff's mail and reading materials. (ECF No. 20 at 9-10.)

On May 14, 2012, Defendants[2] filed the instant Motion. (ECF No. 51.) On June 19, 2012, Plaintiff filed a Response to Defendants' Motion. (ECF No. 56.) Defendants filed no Reply. On October 14, 2012, Magistrate Judge Boland entered a Recommendation to grant Defendants' Motion and dismiss Plaintiff's claims. (ECF No. 59.) On December 14, 2012, Plaintiff filed an Objection[3] to the Recommendation. (ECF No. 61.) Defendant filed no Response to Plaintiff's Objection.

On December 14, 2012, the same day that Plaintiff filed his Objection, Plaintiff filed a Motion for Extension of Time to Amend Complaint (ECF No. 61), and a Motion for Order for the Clerk to Return Evidence to Plaintiff at Plaintiff's Expense if Case is to be Dismissed (ECF No. 62). On February 22, 2013, Plaintiff filed a Motion for a Ruling on his previous request that his evidence be returned. (ECF No. 67.)

---

[2] The Motion was initially filed on behalf of all Defendants except Defendant Diane Miller. (*See* ECF No. 51 at 1; ECF No. 54.) Defendant Miller subsequently filed a Joinder in the Motion. (ECF No. 55.)

[3] Plaintiff filed his objection under the title "Motion for Reconsideration." (ECF No. 61.) Because it was filed in response to the Magistrate Judge's Recommendation, the Court construes it as Plaintiff's Objection to the Recommendation.

## III. ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions: (1) Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment; (2) Plaintiff failed to exhaust his administrative remedies on his Eighth Amendment claim for inadequate medical care and his First and Sixth Amendment claims for limiting telephone privileges; (3) Plaintiff has failed to state a claim for his Fourteenth Amendment due process claim for confiscation of personal property; and (4) Plaintiff's First and Fourteenth Amendment procedural due process claims for withholding mail are impermissibly vague and fail to allege personal participation of each of the relevant Defendants. (ECF No. 59 at 5-12.) As a result, the Magistrate Judge recommends dismissal of all of Plaintiff's claims. (*Id.* at 12-13.)

Plaintiff's Objection argues that a recent expungement of disciplinary charges against Plaintiff within the CTCF system should affect the Court's analysis. (ECF No. 61.) However, Plaintiff does not explain how his expungement should affect the Court's findings[4], nor does he specifically object to any of the findings in the Magistrate Judge's Recommendation. (*Id.*) Therefore, the Court need not make a *de novo* determination, and need only review for clear error on the face of the record. *See Summers*, 927 F.2d at 1167 (a court may review for clear error where no specific objections are made to a

---

[4] Plaintiff states that he "has receive an expunge- ment order because of the abuse, which caused a manifestation of problem's". (ECF No. 61 at 2.) This suggests that the disciplinary charge that was expunged may have been the charge brought after Defendant Benezee's initial visit to Plaintiff's cell, which precipitated the factual underpinnings of the majority of Plaintiff's claims. However, as is demonstrated in Parts III.A-D., below, the disciplinary infraction or lack thereof has no bearing on the pleading deficiencies and errors of law that require the Court to dismiss Plaintiff's claims.

6

recommendation). The Court will review each finding in the Recommendation below.

### A.     Official Capacity Claims

Plaintiff brings his claims against all Defendants in both their individual and official capacities. (Compl. ¶ 7.) Defendants' Motion argues that to the extent that Plaintiff requests monetary damages and/or retroactive injunctive relief from Defendants in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment. (ECF No. 51 at 6.) The Recommendation recognizes that Defendants, as employees of the Colorado Department of Corrections, are state officials. (ECF No. 59 at 6.) Because the Eleventh Amendment bars actions against state officials for retroactive monetary relief, the Court agrees with the Recommendation and dismisses Plaintiff's claims for monetary damages against Defendants in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-06 (1984).

### B.     Exhaustion of Administrative Remedies

The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies on his Eighth Amendment claim for inadequate medical care, and his First and Sixth Amendment claims for restriction of telephone privileges. (ECF No. 59 at 6-9.)

Exhaustion of administrative remedies is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The United States Supreme Court has described this exhaustion requirement as "mandatory." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  The Colorado Department of Corrections established a grievance process for prisoners in CDOC Administrative Regulation 850-04, which requires a prisoner to file Step 1, Step 2, and Step 3 grievances for each claim in order to exhaust available administrative remedies.  (ECF No. 51 at 8 Ex. A-1 ¶¶ 4-8.)

In support of the failure to exhaust argument, Defendants' Motion included an affidavit by the Department of Corrections Step 3 Grievance Officer Anthony DeCesaro, who reviewed the grievances that Plaintiff submitted during the relevant time period.  (*Id.* at Ex. A-1 ¶ 9.)  Mr. DeCesaro's affidavit stated that Plaintiff had filed grievances at all three steps regarding the confiscation of his photos and his complaints about the use of AR Form 300-26E, but Plaintiff filed no grievances regarding inadequate medical care, or telephone privilege restrictions preventing him from speaking to his wife or his attorney.  (*Id.* at Ex. A-1 ¶¶ 10-18.)

The Court has reviewed the copies of grievances filed with Plaintiff's Response, and finds that they confirm Mr. DeCesaro's statements.  (*See* ECF No. 56 Exs. H1-H12.)  Plaintiff makes no allegation and provides no evidence to contradict this finding.  Therefore, the Court adopts the findings in the Recommendation and agrees that Plaintiff has failed to exhaust his administrative remedies for his Eighth Amendment claim for inadequate medical care, and his First and Sixth Amendment claims for telephone privilege restrictions.  Those claims must therefore be dismissed without

prejudice.[5]

## C.     Taking of Personal Property

The Magistrate Judge found that Plaintiff's Fourteenth Amendment due process claim against Defendant Benezee failed to state a claim upon which relief could be granted.  (ECF No. 59 at 9.)  Deprivations of an inmate's property, even if intentional, do not implicate the Fourteenth Amendment due process clause if the state provides a "meaningful post-deprivation remedy for the loss."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  As Defendants' Motion argues, such a remedy exists in Colorado in the form of the Colorado Governmental Immunity Act, which provides a mechanism and requirements for filing a claim for conversion or another property tort.  (ECF No. 51 at 9 (citing Colo. Rev. Stat. §§ 24-10-105, 106, 109).)  Plaintiff states no specific objection to the Magistrate Judge's finding.  (*See* ECF No. 61.)

The Court agrees with the Recommendation and finds that Plaintiff has failed to state a claim for a Fourteenth Amendment due process violation based upon the taking of his personal property.  Accordingly, Plaintiff's claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## D.     Mail and Reading Restrictions

The Magistrate Judge found that Plaintiff's claims based upon the restrictions on his reading material and interception of his mail failed to specifically allege what each named Defendant did to violate Plaintiff's rights under the First and Fourteenth

---

[5] As noted in the Recommendation (ECF No. 59 at 8-9), there is no evidence in the record as to whether Plaintiff may still exhaust his administrative remedies with respect to these claims.  Accordingly, dismissal without prejudice is appropriate.  *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003).

Amendments, and therefore recommended that Defendants' Motion be granted as to those claims. (ECF No. 59 at 9-12.)

Although the allegations made in any complaint must be sufficiently specific to plausibly support a claim for relief, *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007), this requirement is particularly important in a Section 1983 action against government actors, where individual defendants must be given notice of the specific allegations against them. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (finding that general references to "defendants" collectively were insufficient to give "fair notice" to individual defendants). Undoubtedly, in the case of a *pro se* litigant such as Plaintiff, the Court must review the pleadings liberally and hold them to a less stringent standard than that applied to pleadings drafted by attorneys. *Haines*, 404 U.S. at 520-21; *Trackwell*, 472 F.3d at 1243. Nevertheless, the Court may not "assume the role of advocate for the pro se litigant," nor may the Court make the Plaintiff's arguments for him. *Hall*, 935 F.2d at 1110.

As the Court has twice informed Plaintiff (*see* ECF Nos. 16, 20), a properly pleaded civil rights claim under Section 1983 must allege personal participation by each of the named defendants, affirmatively connecting each defendant's participation, control, direction, or failure to supervise to the alleged constitutional violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Two former defendants were dismissed from this action as a result of Plaintiff's failure to make any allegations connecting them to Plaintiff's constitutional claims. (ECF No. 20 at 5-7.)

The Magistrate Judge examined Plaintiff's pleadings and was unable to discern what constitutional violation Plaintiff alleged against each of the Defendants with regard to his mail and reading materials. (ECF No. 59 at 11-12.) The Court has reviewed the record and agrees with the Recommendation. Plaintiff has stated and reiterated that he disputes his mail and reading materials restrictions, and has repeatedly alleged that the restrictions constitute violations of his constitutional rights. (*See generally* Compl.; TAC.) However, Plaintiff has failed to link the alleged violations to the actions of the named Defendants, most of whom are named solely in a conclusory manner as having "showed deliberate indifference of (*sic*) Plaintiff's constitutional rights," and others are only implicated in that they "failed to prevent further harm" when such harm remains unspecified. (ECF No. 56 at 5.) Therefore, the Court finds that Plaintiff has failed to state a claim for these violations, and dismissal under Rule 12(b)(6) is appropriate.

In sum, the Court has reviewed the record and finds no clear error in the Recommendation. Accordingly, the Court adopts the Recommendation, grants Defendants' Motion, and dismisses Plaintiff's claims in their entirety.

Because all of Plaintiff's claims are dismissed, the Court need not consider the Motion's alternative argument that Defendants are entitled to qualified immunity, as that argument is now moot. (*See* ECF No. 51 at 13-14.)

**E.     Plaintiff's Motions**

Plaintiff's Motion for Extension of Time to Amend Complaint requests leave to amend his complaint a fourth time in order to include "new evidence and determination of a lower court[']s decision of abuse of authority regarding plaintiff which affects this

matter." (ECF No. 60.) The "new evidence" and "lower court's decision" to which Plaintiff refers is apparently the expungement of the CTCF disciplinary violation Plaintiff raised in his Objection. (*See* ECF No. 61-1.) As is clear from the Court's analysis of Plaintiff's claims, above, the disciplinary violation has no effect on the legal errors and pleading deficiencies leading to the dismissal of his claims. Thus, the Court finds no cause to permit Plaintiff to adduce additional evidence of this kind at this late stage.

Further, Plaintiff has thrice been permitted to amend his complaint—indeed, he has been ordered to do so—and has nevertheless failed to state claims upon which the Court can grant relief. (*See* ECF Nos. 6, 11, 12, 16, 17.) Although the Court must "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), in view of Plaintiff's third failure to properly allege these claims, the Court finds that it would be both futile and inequitable to allow Plaintiff a fourth attempt, requiring Defendants to once again incur substantial attorney's fees and costs in addressing a Fourth Amended Complaint. *See Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (stating that a district court may deny leave to amend a complaint where the amendment would be futile). Therefore, the Court will not grant Plaintiff leave to amend his complaint, and his Motion for Extension of Time to Amend Complaint is denied.

Plaintiff's Motion for Order for the Clerk to Return Evidence to Plaintiff at Plaintiff's Expense if Case is to be Dismissed (ECF No. 62) refers to the photos, magazines, and other documents that Plaintiff filed in support of his claims. (ECF No. 4.) Plaintiff states that these items have sentimental value for him and requests their return. (ECF No. 62.) Defendants have not opposed Plaintiff's Motion, and the Court

sees no reason to deny Plaintiff's request. Therefore, the Court grants Plaintiff's Motion to have these items returned to him.

Finally, Plaintiff's Motion for Ruling on his request for a return of his property (ECF No. 67) is duplicative of the Motion for Order for the Clerk to Return Evidence. The Court has granted Plaintiff's Motion for Order for the Clerk to Return Evidence, and therefore Plaintiff's second motion on the issue is denied as moot.

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. The Recommendation of the United States Magistrate Judge (ECF No. 59) is ADOPTED and Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and for Summary Judgment (ECF No. 51) is GRANTED;

2. Plaintiff's Objection to the Recommendation (ECF No. 61) is OVERRULED;

3. Plaintiff's claims against Defendants in their official capacities, claims under the Eighth Amendment for inadequate medical care, and claims under the First and Sixth Amendments for telephone restrictions, are DISMISSED without prejudice for failure to exhaust administrative remedies;

4. The remainder of Plaintiff's claims are DISMISSED with prejudice;

5. Plaintiff's Motion for Extension of Time to Amend Complaint (ECF No. 60) is DENIED;

6. Plaintiff's Motion for Order for the Clerk to Return Evidence to Plaintiff at Plaintiff's Expense (ECF No. 62) is GRANTED, and the Clerk shall arrange for the return of Plaintiff's conventionally submitted material (ECF No. 4);

7. Plaintiff's Motion for Ruling on Motion for Order to Return Evidence (ECF No. 67) is DENIED as moot; and

8. The Clerk shall enter judgment for Defendants on all claims. Each party shall bear his or her own costs.

Dated this 22nd day of March, 2013.

BY THE COURT:

William J. Martinez
United States District Judge